NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1850
_____

HUGO ALVARADO-HERRERA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-242-604)
Immigration Judge: Steven A. Morley

_____

Submitted under Third Circuit LAR 34.1(a)
on January 8, 2018

Before: JORDAN, ROTH, <u>Circuit Judges</u> and STEARNS[*], <u>District Judge</u>

(Opinion filed: January 31, 2019)

_____

OPINION[**]

_____

_____

[*] The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Petitioner Hugo Alvarado-Herrera appeals the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his request for cancellation of removal. To be eligible for cancellation of removal, Alvarado-Herrera was required to demonstrate that he had a continuous presence in the United States for a ten-year period, and that over the ten-year period he did not depart "for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days."[1] It is clear from the record that Alvarado-Herrera cannot demonstrate continuous presence. To get around this obstacle, Alvarado-Herrera argues that (1) the IJ violated his due process rights by asking him leading questions that created an unreliable testimonial record, and (2) we should remand this case so that the government can produce records relating to Alvarado-Herrera's travel on an H-2B visa, records which would definitively show how long Alvarado-Herrera was outside of the United States. Neither of these arguments is meritorious. We will therefore deny Alvarado-Herrera's petition for review.

**I.**

Alvarado-Herrera, a citizen of Mexico, entered the United States without permission in 1996. In 2010, the Department of Homeland Security initiated removal proceedings against him. Alvarado-Herrera conceded removability but sought

---

[1] 8 U.S.C. § 1229b(d)(2).

cancellation of removal under 8 U.S.C. § 1229b(b).[2]  Specifically, Alvarado-Herrera

sought cancellation on the ground that his removal would result in hardship to his

permanent-resident mother.

At his removal hearing, Alvarado-Herrera testified that he left the country in 2007

from January to June (i.e., more than 90 days), and an additional five times between 2001

and 2007, for at least a month each time (i.e., when combined with his 2007 absence,

more than 180 days in the aggregate).  Because Alvarado's travel outside of the country

exceeded the limits in 8 U.S.C. § 1229b, the IJ determined that Alvarado-Herrera could

not demonstrate continuous presence.  The IJ therefore concluded that Alvarado-Herrera

was ineligible for cancellation of removal.

Alvarado-Herrera appealed this ruling to the BIA, arguing that the IJ

inappropriately questioned him during the hearing, in violation of Alvarado-Herrera's

due process rights, and failed to consider that Alvarado-Herrera's travel outside of the

country was on an H-2B visa.  The BIA rejected Alvarado-Herrera's arguments and

affirmed.  Alvarado-Herrera now petitions for our review.[3]

---

[2] Section 1229b provides that the Attorney General may cancel removal of a deportable alien if the alien, among other things, "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application."  8 U.S.C. § 1229b(b)(1)(A).  The statute further provides that "[a]n alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b)(1) and (b)(2) if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days."  8 U.S.C. § 1229b(d)(2).
[3] We have jurisdiction to review Alvarado-Herrera's petition under 8 U.S.C. § 1252(a)(1).

## II.

Alvarado-Herrera first argues that the IJ violated his due process rights by asking him leading questions relating to the amount of time he spent outside of the country. To establish a due process violation, Alvarado-Herrera must demonstrate "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted."[4] Because Alvarado-Herrera was given sufficient opportunity to present his case, his due process claim fails.

During the hearing, the IJ solicited information from Alvarado-Herrera about his trips to Mexico; this type of questioning by the IJ is explicitly permitted under the Immigration and Nationality Act.[5] The IJ simply asked Alvarado-Herrera when the trips took place and the length of each trip. Alvarado-Herrera's testimony revealed that he had spent more time out of the country than was allowable in order to qualify for cancellation of removal.

The IJ's questioning did not prohibit Alvarado-Herrera from presenting his case. At no point during the questioning did Alvarado-Herrera's attorney object to either the IJ's questions or Alvarado-Herrera's corresponding responses. Furthermore, when the IJ asked Alvarado-Herrera's attorney to conduct a direct-examination of Alvarado-Herrera to "rehabilitate him," Alvarado-Herrera's attorney responded that "from what [he had]

---

[4] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (citation and internal quotation marks omitted).

[5] 8 U.S.C. § 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses.")

just heard [the case was] over . . .. He exceeds his time outside the United States."[6] The IJ therefore gave Alvarado-Herrera sufficient opportunity to present his case. That his attorney declined to use the opportunity does not give rise to a due process violation.

Alvarado-Herrera next argues that, for at least some of the trips at issue, he traveled on an H-2B visa, and that the evidence from those trips, including the dates of travel, is in the government's possession. Accordingly, Alvarado-Herrera posits that the case should be remanded so that the government can produce any evidence relating to the H-2B visa and to the calculation of the various trips taken legally.

There are two flaws with Alvarado-Herrera's argument. First, even if the trips were taken on an H-2B visa, Alvarado-Herrera offers no legal support for the proposition that such travel should be excluded from the continuous-presence calculation. Instead, the portion of the statute discussing the breaks in continuous physical presence requires only that the alien "depart[] from the United States."[7] Second, the burden of establishing continuous presence falls on Alvarado-Herrera, not on the government.[8] Alvarado-Herrera did not present evidence of the visa and did not obtain information relating to the visa in the four years between the initiation of his application for cancellation of removal and the hearing. Remand is therefore not warranted.

## III.

For the foregoing reasons, we will deny Alvarado-Herrera's petition for review.

---

[6] A.R. 121.

[7] 8 U.S.C. § 1229b(d)(2).

[8] *See* 8 U.S.C § 1229a(c)(4)(A)(i) ("An alien applying for relief or protection from removal has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements.").